Crew, J.
While The Somers-Cambridge Company, in the circuit court, presented and relied upon the several exceptions noted by it during *228 the trial of this case in the court of common pleas, the record informs us that the circuit court reversed the judgment of the court of common pleas for the reason only: “that the court of common pleas erred in not sustaining the motion of plaintiff in error, defendant below, to instruct the' jury at the conclusion of the evidence to return a verdict for defendant below, and erred in not instructing the jury as requested by defendant below, to return a verdict for defendant below,” and that having reversed said judgment upon this ground said .circuit court thereupon rendered final judgment in favor of The Somers-Cambridge Company, the plaintiff in error in that court. Upon this record, then, in view of the conclusion reached by this court, the only question of consequence presented here, material for our consideration, is: Was The Somers-Cambridge Company entitled to have judgment entered in its favor upon the undisputed facts, as they appear of record in this case? Whether it was so entitled, must be determined in the present case from a consideration of whether or not the injuries sustained by Davis in consequence of the explosion of the dynamite magazine or storehouse on the premises of The Somers-Cambridge Company, were sustained or received by him under such circumstances, that in lav/, he must be held to have assumed the risk or hazard which occasioned them. In considering this question it should be borne in mind that the only specifications of negligence or want of care alleged against the defendant coal company are, that the company collected and improperly stored' upon its premises large quantities of a highly dangerous *229 explosive and neglected to inform or advise plaintiff — who was an employe of said company — of the amount or quantity so stored, and failed and neglected to warn and instruct plaintiff as to the dangers consequent upon the explosion of the same. It is not alleged or charged against the company that its negligence produced the explosion, nor is any cause for the explosion stated. It was shown on the trial: That on- and prior to June 30th, 1903, The Somers-Cambridge Company was engaged in sinking, on its own premises, a shaft to be used as the opening for a coal mine. On said premises and about one hundred and ninety feet from the mouth of said shaft there was located a magazine or storehouse in which the company kept a supply of dynamite to be used by it in prosecuting the work of putting down said shaft. About sixty-six feet south from the shaft, and about one hundred feet distant from this magazine or storehouse, was a blacksmith shop, in which,, on the day of the accident Davis, with other workmen, had taken shelter from the storm. At that time Davis had been in the employ of The Somers-Cambridge Company for about four months, and was familiar with the location and relative positions of the several buildings and structures on said premises, including said dynamite magazine. He knew the character of the latter structure, and of what it was built; the purposes for which it was used and the nature of its contents. Davis at the time of this accident was about fifty years of age and was not without experience in the handling and use of dynamite, he had handled and used it himself and had seen others handle and use it, *230 and he was familiar with and knew its power and force upon being exploded, and while it is not shown that he had knowledge of the exact amount of dynamite in said magazine on the day and at the time it was exploded, confessedly he knew that it contained as much at least as two hundred pounds. And on the trial of this cause in the court of common pleas, at the instance and request of the counsel for Davis, the trial judge instructed the jury that: “No negligence is charged by the plaintiff as against the defendant concerning a quantity of dynamite equal to two hundred pounds, and caps to the number of two hundred, stored in' said dynamite house. So far as negligence in the matter of storage is concerned, such negligence is charged onfy as to the excess, if any, above these amounts.” Plainly, then, upon these facts, Davis must be held to have known and appreciated the danger, and to have assumed all risk of injury, that might reasonably be expected to result to one in his then position, voluntarily assumed, from the accidental explosion of two hundred pounds of dynamite in this magazine, only one hundred feet away. It is clear, we think, from the undisputed facts in this case that the defendant company was not negligent in failing to warn or instruct plaintiff as to the danger to be apprehended from an explosion of this magazine. Indeed, the only warning or instruction it could have' given him, that could be of any avail, was that if this dynamite magazine should be exploded, persons in the blacksmith shop at the time of such explosion would probably be injured thereby. But this he already knew, or must be held to have known, *231 equally as well, whether said magazine contained only two hundred pounds of dynamite, or whether it contained more.
The position and claim of counsel for plaintiff in error would seem to be, that notwithstanding Davis knew the location of this magazine, its proximity to the blacksmith shop, and that it contained a quantity of dynamite which, if exploded, would probably result in injury to himself and those with him in the blacksmith shop, yet inasmuch as his employer had not informed him as to the amount of dynamite in said magazine in excess of two hundred pounds, that he, Davis, did not, and could not, know or appreciate the precise extent to which he might be injured in the event of an explosion, and therefore that the employer is liable for such injuries as he did actually sustain. Davis may not have realized, when he took shelter from the storm in this blacksmith shop, all the possible consequences of danger to himself from so doing, and probably he did not, but that he knew or should have known, he was in a place of danger, and was liable to be injured in the event of the explosion of the dynamite magazine, is obvious, and it does not matter that he did not know, and did not appreciate the precise extent or character of the injury he would sustain in the event of an explosion. To adopt such test would be to introduce into the doctrine of assumption df risk a wholly impracticable element and a rule of greatest uncertainty. The rule is, that one who exposes himself to an obvious and appreciated danger, even though he should not appreciate the full extent of the danger, assumes the risk of *232 injury that may result to him therefrom. We are unable to find in the present case any ground for liability on the part of the Coal Company, or any such state of-facts as required the submission of this case to the jury. Upon the undisputed facts appearing on the record, we are of opinion that the injury sustained by plaintiff, if not due to pure accident for which no one was to blame, resulted from his own want of care in voluntarily placing himself in a position of danger, the risk of which he must be held to have assumed.

Judgment affirmed.

Shauck, C. J., Summers and Davis, JJ., concur. Price, J., not participating.